CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES JOSE ESPINOZA, on behalf of himself and : Case No. 17-CV-1622
others similarly situated, :
 :
                             Plaintiff, : **FLSA COLLECTIVE**
 : **ACTION COMPLAINT**
   -against- :
 :
SUNSET BEER DISTRIBUTOR INC. d/b/a SUNSET :
BEER DISTRIBUTORS, SUNSET BEER II INC. d/b/a :
SUNSET BEER DISTRIBUTORS, and : **Jury Trial**
HUGO G. SALAZAR, : **Demanded**
 :
                            Defendants. :
-------------------------------------------------------------------X

       Plaintiff, JAMES JOSE ESPINOZA (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants SUNSET BEER DISTRIBUTOR INC. d/b/a SUNSET BEER DISTRIBUTORS ("SUNSET BEER"), SUNSET BEER II INC. d/b/a SUNSET BEER DISTRIBUTORS ("SUNSET BEER II") (collectively, the "Corporate Defendants"), and HUGO G. SALAZAR (collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. **Plaintiff further alleges that, pursuant to the New York Labor Law, he is** entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each that he worked a shift in excess of ten (10) hours; (c) liquidated damages and civil statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, SUNSET BEER, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 316 37th Street, Brooklyn, New York 11232.

2

7. Defendant, SUNSET BEER II, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 316 37th Street, Brooklyn, New York 11232.

8. Defendants own and operate a wholesale and retail beer distribution business, which sells and distributes beer to not only the general public, but to local businesses including, but not limited to, restaurants, bars, grocery stores, and delicatessens and bodegas.

9. Defendants distribute beer solely within the State of New York, and primarily in Kings and New York County.

10. Defendant, HUGO G. SALAZAR, is the Chief Executive Officer, owner, shareholder, director, supervisor, managing agent, and proprietor of the Corporate Defendants, who actively participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with each of the Corporate Defendants.

11. Defendant, HUGO G. SALAZAR, exercises control over the terms and conditions of his employees' employment in that he has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

12. Defendant, HUGO G. SALAZAR, is present on the premises of the Corporate Defendants on a daily basis, actively supervises the work of the employees,

and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

13. Upon information and belief, at all times relevant to the allegations contained herein, the Corporate Defendants – either jointly or individually were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

14. Defendants employed Plaintiff from in or about October 2008 until on or about June 7, 2014 to work as a non-exempt loader, warehouseman, customer attendant/counter-person, and driver/delivery worker for Defendants' wholesale and retail beer distribution business, known as Sunset Beer Distributors located at 316 37th Street, Brooklyn, New York.

15. The work performed by Plaintiff was directly essential to the business operated by Defendants.

16. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned spread of hours premium in direct contravention of the New York Labor Law.

18. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19. Defendant HUGO G. SALAZAR actively participates in the day-to-day operation of the Corporate Defendants. For instance, Mr. Salazar personally supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

20. Defendant, HUGO G. SALAZAR, creates, approves, and implements all crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

21. The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by the Defendants.

22. The Corporate Defendants each engage in related activities, and shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

23. The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

24. In or about October 2008, Defendants hired Plaintiff to work as a non-exempt loader, warehouseman, customer attendant/counter-person, and driver/delivery worker.

25. Plaintiff worked for the Defendants in those capacities until on or about June 7, 2014.

26. Plaintiff provided with a wage notice indicating his regular and overtime rate of pay and regular payday.

27. Defendants failed to provide Plaintiff with proper weekly wage statements indicating, among other things, hours worked and rates paid.

28. During the course of his employment, Plaintiff worked over forty (40) hours per week.

29. Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work shift consisted of nine (9) hours per day Monday through Wednesday from 10:00 a.m. until 7:00 p.m.; and ten (10) hours per day Thursday through Saturday from 10:00 a.m. until 8:00 p.m.

30. Plaintiff occasionally worked in excess of ten (10) hours in a day.

31. During the relevant six (6) year limitations period beginning in March 2011 and continuing through in or about December 2011, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $470 per week straight time for all hours worked, and worked fifty-seven (57) hours per week (for a regular rate of pay of $8.25 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32. Beginning in or about January 2012 and continuing through in or about December 2012, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $550 per week straight time for all hours worked, and worked fifty-seven (57) hours per week (for a regular rate of pay of $9.65 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33. Beginning in or about January 2013 and continuing through the remainder of his employment on or about June 7, 2014, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $650 per week straight time for all hours worked, and worked fifty-seven (57) hours per week (for a regular rate of pay of $11.40 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff a "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

36. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since March 23, 2014 through the date that the opt-in period closes (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

38. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

40. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

42. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

43. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

44. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violation of the Fair Labor Standards Act]**

45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

48. Upon information and belief, at least during each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants -- either jointly or severally, have had gross revenues in excess of $500,000.

49. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

50. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

51. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

52. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due

11

and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

53. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

54. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

55. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

56. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

57. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

60. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

61. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 142-2.4.

62. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day he worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

63. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

64. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

65. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

66. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net

wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

67. Defendants failed to notify Plaintiff of his rates of pay and his regularly designated payday, in contravention of New York Labor Law § 195(1).

68. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

69. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, JAMES JOSE ESPINOZA, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premiums pursuant to the

New York Labor Law and the New York State Wage Theft Prevention Act;

(e) An award of civil penalties and statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
March 23, 2017

                              Respectfully submitted,

                              CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
     Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __James Espinoza__, am an employee currently or formerly employed by __Sunset Beer Distributor__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__3-22-__, 2017

_[signature]_